**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daren TYGER, Defendant–Appellant.**

**No. 06–50357.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2007.

Filed Sept. 4, 2007.

Becky S. Walker, Esq., Wesley L. Hsu, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI and TALLMAN, Circuit Judges, and SANDOVAL *, District Judge.

**MEMORANDUM\*\***

1. The district court did not plainly err in the performance of its duties under Fed.R.Crim.P. 11. *See United States v. Turman,* 122 F.3d 1167, 1170 (9th Cir. 1997).

2. The district court did not err in imposing a two-level enhancement for

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

abuse of a position of trust. *See* United States Sentencing Guidelines § 3B1.3 cmt. 1 (1995).

3. Because the district court adequately considered the factors identified in 18 U.S.C. § 3553(a) (West Supp.2005), the sentence imposed was reasonable. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007).

4. Since the record reflects that the district court appropriately considered Tyger's ability to pay the ordered restitution, the court did not commit plain error in ordering full restitution. *See* Victim and Witness Protection Act, 18 U.S.C. §§ 3663–3664 (1995).

5. Because Tyger admitted to facts sufficient to justify the sentence enhancements imposed, the district court's upward adjustments in the offense level did not violate Tyger's Sixth Amendment rights. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

6. The district court did not plainly err in applying a preponderance of the evidence standard in determining that sentence enhancements under U.S.S.G. § 2F1.1(b)(2)(A) and U.S.S.G. § 3B1.3 were appropriate. *See United States v. Ingham,* 486 F.3d 1068, 1078 (9th Cir. 2007).

7. Because Tyger's trial counsel's performance did not prejudice his client, Tyger's ineffective assistance of counsel claim fails. *See Hill v. Lockhart,* 474 U.S. 52,

57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.